## In re: 1977 Lincoln Continental
### [Cite as 3 AOA 1]

Case No. C-890268
*Hamilton County (1st)*
*Decided May 23, 1990*

*Hal Arenstein, Esq., 13 East Court Street, Second Floor, Cincinnati, Ohio 45202, for Appellant Jimmy Richey.*

*Arthur M. Ney, Jr., Prosecuting Attorney, and Christian J. Schaefer, Esq., 420 Hamilton County Courthouse, Court and Main Streets, Cincinnati, Ohio 45202, for Appellee City of Cincinnati.*

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the transcript of the proceedings, the briefs and the arguments of counsel.

The Court has *sua sponte* removed this cause from the accelerated calendar and placed it on the Court's regular calendar.

On January 13, 1989, the Hamilton County Prosecutor filed a petition, pursuant to R.C. 2933.43, for the forfeiture of appellant Jimmy Richey's 1977 Lincoln Continental. At the March 17, 1989, forfeiture hearing, a police officer testified that on August 2, 1988, he executed a search warrant for Richey's residence. Police recovered 6.62 pounds of marijuana, along with packaging materials. The officer further testified that Richey signed a consent form, allowing police to search his 1977 Lincoln Continental which was parked outside Richey's residence. In the automobile police found marijuana stems and "roaches." Richey was arrested and charged with preparation of marijuana for distribution and possession of three times the bulk amount of marijuana. On February 17, 1989, Richey was convicted of the possession charge pursuant to his guilty plea of December 22, 1988, and the preparation charge was dismissed. The officer stated that none of the charges was based upon any items found in Richey's automobile. By entry of March 28, 1989, the trial court ordered that Richey's automobile be forfeited. Richey timely appealed.

Richey's sole assignment of error alleges: "The court's order of forfeiture of appellant's motor vehicle was contrary to law." Richey argues that because none of the criminal charges brought against him was based upon the items found in his automobile, the court was required to hold the forfeiture hearing within forty-five days of the seizure pursuant to R.C. 2933.43(C), which provides in part:

"If the property seized was determined by the seizing law enforcement officer to be contraband other than because of a relationship to an underlying criminal offense or administrative violation, the forfeiture hearing under this section shall be held no later than forty-five days after the seizure."

The trial court did not hold the forfeiture hearing within forty-five days of the seizure and

therefore, Richey argues, the order of forfeiture is invalid. We disagree.

R.C. 2933.43(C) provides in part:

"If the property seized was determined by the seizing law enforcement officer to be contraband because of its relationship to an underlying criminal offense or administrative violation, no forfeiture hearing shall be held under this section unless the person pleads guilty to or is convicted of the commission of, or an attempt or conspiracy to commit, the offense or a different offense arising out of the same facts and circumstances or unless the person admits or is adjudicated to have committed the administrative violation or a different violation arising out of the same facts and circumstances; a forfeiture hearing shall be held in such a case no later than thirty days after the plea of guilty, the conviction, or the admission or adjudication of the violation."

Appellant pleaded guilty to possession of three times the bulk amount of marijuana. There is a nexus between the marijuana found in appellant's automobile and the marijuana found inside his residence, as both may be considered part of the bulk amount. In addition, appellant admitted to police that on at least one occasion he transported marijuana for sale in his automobile.

We hold that appellant's automobile is contraband because of its relationship to the underlying criminal offense and, therefore, the forfeiture hearing was required to be held within thirty days of appellant's conviction. The judgment of conviction was entered February 17, 1989. The forfeiture hearing was held March 17, 1989, within thirty days of appellant's conviction. Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., DOAN and GORMAN, JJ.